United States District Court
Southern District of Texas
ENTERED
September 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SADAT K.,[1]<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:26-cv-202 |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.,*<br>Respondents. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Petitioner originally sought his release from detention by the warden of the Port Isabel Service Processing Center, claiming his detention violates his statutory and constitutional rights. Dkt. No. 1 at 7–8. The Government responded with a Motion for Summary Judgement asking the Court to continue detention as mandatory. Dkt. No. 7. For the following reasons, it is recommended the Court deny the Petition.

Petitioner is a citizen of Ghana, currently detained by Immigration and Customs Enforcement at the Port Isabel Service Detention Center in Cameron County, Texas. Dkt. No. 7-1 at 1; Dkt. No. 1 at 1. Petitioner entered the United States on or about May 11, 2025. Dkt. No. 7 at 2. Petitioner was not then admitted or paroled after inspection by an immigration officer or entered the United States at a location other than as designated by the Attorney General. *Id.* On January 23, 2026, an Immigration Judge ("IJ") denied Petitioner's applications for asylum and related protection from removal and ordered Petitioner removed from the United States. Petitioner filed a timely appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"). *Id.* That appeal remains pending. *See* EOIR Automated Case

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

Information, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/ (last visited on September 15, 2026).

Petitioner challenges his current detention by immigration authorities as a violation of the Due Process Clause of the Fifth Amendment and as a violation of the Immigration and Naturalization Act. Dkt. No. 1; Dkt. No. 8. He argues *Demore v. Kim*, 538 U.S. 510, 531 (2003) only upheld detention that is definite and necessary to complete removal proceedings. Dkt. No. 8 at 2. Petitioner's detention, he argues, is prolonged and creates an "impermissible coercive pressure that undermines the statutory right to seek appellate review." *Id.* at 4.

Although acknowledged by Petitioner, the Court still notes that Petitioner's challenge to the statutory authority under which he is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenge to his detention while immigration proceedings are pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

It is therefore recommended that the Court:

(1) **DENY** the Petition (Dkt. No. 1),

(2) **DENY AS MOOT** Respondent's Motion for Summary Judgment (Dkt. No. 7),

(3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without

conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on September 16, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge